UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARNEST WILSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | 1:05-CV-927-B |
| EVANSTON INSURANCE and EFI ) | |
| STRUCTURAL ENGINEERING CO. ) | |
| ) | |
| ) | |
|     Defendants. ) | |

**<u>DEFENDANT EFI GLOBAL'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

COMES NOW the Defendant, EFI Global, improperly named as EFI Structural Engineering Co. ("Defendant"), and as Answer to Plaintiff's Complaint states the following:

**STATEMENT OF THE PARTIES**

1.  With respect to Paragraph 1 of the Complaint, Defendant currently lacks sufficient knowledge and/or information in order to admit or deny the allegations contained therein and, on that ground, they are denied.

2.  With respect to Paragraph 2 of the Complaint, Defendant denies that EFI Global is an Alabama corporation and denies that its principal place of business is located in the State of Alabama.

3.  Based on information and belief, admitted.

4.  Based on information and belief, admitted.

5. With respect to Paragraph 5 of the Complaint, Defendant states that it currently lacks sufficient knowledge and/or information to admit or deny the allegations contained therein and, on that ground, they are denied.

## STATEMENT OF FACTS

6. With respect to Paragraph 6 of the Complaint, Defendant states that it currently lacks sufficient knowledge and/or information to admit or deny the allegations contained therein and, on that ground, they are denied.

7. With respect to Paragraph 7 of the Complaint, Defendant states that it currently lacks sufficient knowledge and/or information to admit or deny the allegations contained therein and, on that ground, they are denied.

8. With respect to Paragraph 8 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

9. With respect to Paragraph 9 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

10. With respect to Paragraph 10 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

11. Based on information and belief, admitted.

12. With respect to Paragraph 12 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

13. With respect to Paragraph 13 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

14. With respect to Paragraph 14 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

15. With respect to Paragraph 15 of the Complaint, Defendant states that it currently lacks sufficient knowledge and/or information in order to admit or deny the allegations contained therein and, on that ground, they are denied.

## COUNT I

16. With respect to Paragraph 16 of the Complaint, Defendant currently lacks sufficient knowledge and/or information in order to admit or deny the allegations contained therein and, on that ground, they are denied.

17. With respect to Paragraph 17 of the Complaint, Defendant currently lacks sufficient knowledge and/or information in order to admit or deny the allegations contained therein and, on that ground, they are denied.

18. With respect to Paragraph 18 of the Complaint, Defendant currently lacks sufficient knowledge and/or information in order to admit or deny the allegations contained therein and, on that ground, they are denied.

19. With respect to Paragraph 19 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

20. With respect to Paragraph 20 of the Complaint, Defendant denies each and every material allegation contained therein ad demands strict proof thereof.

## COUNT II

21. Defendant adopts and incorporates by reference all responses to Paragraphs 1 through 20 here as if set out in full.

22. With respect to Paragraph 22 of the Complaint, Defendant currently lacks sufficient knowledge and/or information in order to admit or deny the allegations contained therein and, on that ground, they are denied.

23. With respect to Paragraph 23 of the Complaint, Defendant currently lacks sufficient knowledge and/or information in order to admit or deny the allegations contained therein and, on that ground, they are denied.

24. With respect to Paragraph 24 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

## COUNT III

25. Defendant adopts and incorporates by reference all responses to Paragraphs 1 through 24 here as if set out in full.

26. With respect to Paragraph 26 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

27. With respect to Paragraph 27 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

28. With respect to Paragraph 28 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

29. With respect to Paragraph 29 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

30. With respect to Paragraph 30 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

31. With respect to Paragraph 31 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

## COUNT IV

32. Defendant adopts and incorporates by reference all responses to Paragraphs 1 through 31 here as if set out in full.

33. With respect to Paragraph 33 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

34. With respect to Paragraph 34 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

35. With respect to Paragraph 35 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

## COUNT V

36. Defendant adopts and incorporates by reference all responses to Paragraphs 1 through 35 here as if set out in full.

37. With respect to Paragraph 37 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

38. With respect to Paragraph 38 of the Complaint, Defendant denies each and every material allegation contained therein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant denies that it has breached any agreement (alleged or otherwise) with Plaintiff.

### SECOND DEFENSE

The Defendant specifically denies that the Plaintiff has been damaged and demand strict proof thereof.

### THIRD DEFENSE

The Defendant specifically asserts that Plaintiff's claims are barred by the Statute of Frauds.

**FOURTH DEFENSE**

The Defendant specifically denies that the Plaintiff is entitled to any relief whatsoever.

**FIFTH DEFENSE**

The Defendant specifically denies that Plaintiff is entitled to equitable relief.

**SIXTH DEFENSE**

The Defendant specifically denies that it has engaged in any fraud or suppression and demands strict proof thereof.

**SEVENTH DEFENSE**

The Defendant specifically denies that it has engaged in fraud in any manner whatsoever and further states that the Plaintiff has failed to state these claims with particularity as is required under the Federal Rules of Civil Procedure, and the Defendant demands strict proof of each and every allegation concerning same.

**EIGHTH DEFENSE**

The Defendant specifically denies that it is guilty of negligent, reckless, wanton, or intentional conduct and demand strict proof of each and every allegation concerning same.

**NINTH DEFENSE**

The Defendant specifically states that the Plaintiff's claims are barred and due to be denied because of the doctrines of waiver.

### TENTH DEFENSE

As to each and every material allegation contained in Plaintiff's Complaint concerning these Defendant's liability to the Plaintiff, the Defendant pleads not guilty and demands strict proof thereof.

### ELEVENTH DEFENSE

Defendant pleads lack of consideration.

### TWELFTH DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

### THIRTEENTH DEFENSE

The Plaintiff's claims are barred by the doctrines of laches, consent, acquiescence, and/or estoppel.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

### FIFTEENTH DEFENSE

Any award of punitive damages as to this Defendant which does not result in an assessment of damages based solely upon this Defendant's own conduct will violate this Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the provisions of the Alabama Constitution.

### SIXTEENTH DEFENSE

Any award of punitive damages is subject to the limitations set forth in Alabama Code § 6-11-21 (1975).

**SEVENTEENTH DEFENSE**

Any award of punitive damages will violate this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and this Defendant's rights under the Constitution of Alabama because under Alabama law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give this Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining an amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the Defendant; (e) this Defendant may be subjected to punishment based on the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

**EIGHTEENTH DEFENSE**

Any claims for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Alabama law is subject to no pre-determined limit, such as a maximum multiple of compensatory damages or a maximum amount, on an amount of punitive damages that a jury may impose, including an amount possibly in excess of an amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Alabama Constitution, and it would be improper under the common law and public policies of the state of Alabama.

**NINETEENTH DEFENSE**

Any imposition of punitive damages would violate the United States and Alabama Constitutions on each of the following separate and several grounds:

(a) the procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

(b) the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing.

(c) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the Defendant.

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(e) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(f) the procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

(g) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for an amount of punitive damages.

(h) the procedures pursuant to which punitive damages are awarded fail to provide a clear and consistent appellant standard of review of an award of punitive damages.

(i) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(j) an award of punitive damages would constitute an arbitrary and capricious taking of property of this Defendant without due process of law.

**TWENTIETH DEFENSE**

Any demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment in that the claim for punitive damages is not reasonably necessary to vindicate the State's interest in punishing the Defendants and deterring the Defendant from future misconduct.

**TWENTY-FIRST DEFENSE**

An award of punitive damages in this case is unconstitutional and in violation of the Fourteenth Amendment's Due Process Clause in that any award would constitute grossly excessive punishment in light of the State's legitimate interests in punishing the Defendant, thereby resulting in the arbitrary deprivation of life, liberty, or property and failing to afford fair notice to the Defendants of the severity of the penalty which may be imposed.

**TWENTY-SECOND DEFENSE**

Any award of punitive damages in this case is unconstitutional in that it (i) allows jurors to create public policy, (ii) allows jurors to achieve a policy-related objective outside the confines of the particular case, and (iii) expects jurors to interpret the law like judges, thereby resulting in the arbitrary interpretation and application of the law in violation of the Due Process Clause of the Fourteenth Amendment.

**TWENTY-THIRD DEFENSE**

Defendant expressly reserves the right to amend its answer and advance, among other things, defenses specific to any federal and state claim and, further, to amend Defendant's Answer to add defenses which may become available to it as discovery progresses.

### TWENTY-FOURTH DEFENSE

Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiffs' claim for punitive damages is not necessary to vindicate the state's interest in punishing this Defendant and deterring this Defendant from future misconduct, *State Farm Mut. Auto. Ins. Co. v. Campbell*, _____, U.S. _____, _____ S. Ct. _____, _____ L. Ed. 2d _____, 2003 WL 1791206 (April 7, 2003).

### TWENTY-FIFTH DEFENSE

Plaintiff's demand for punitive damages in this case is unconstitutional in that it seeks to punish this Defendant for, and deter this Defendant from, lawful conduct occurring outside the state of Alabama and hence violates fundamental and long-standing principles of state sovereignty and immunity. *State Farm Mut. Auto. Ins. Co. v. Campbell*, _____ U.S. _____, _____ S. Ct. _____, _____ L. Ed. 2d _____, 2003 WL 1791206 (April 7, 2003).

### TWENTY-SIXTH DEFENSE

The claims of the Plaintiffs for punitive damages cannot be upheld to the extent it violates or contravenes the ratio of punitive damages allowed by the holding of the United States Supreme Court in ruling on the case of *State Farm Mut. Auto. Ins. Co. v. Campbell*, _____ U.S. _____, _____ S. Ct. _____, _____ L. Ed. 2d _____, 2003 WL 1791206 (April 7, 2003).

### TWENTY-SEVENTH DEFENSE

The Plaintiff lacks standing to pursue these claims.

### TWENTY-EIGHTH DEFENSE

The Plaintiff's claims are barred by Ala. Code § 43-2-350.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTIETH DEFENSE

Plaintiff's claims are barred by ratification.

## THIRTY-FIRST DEFENSE

The Defendant reserves the right to amend and/or supplement this Answer as discovery progresses and additional facts become available.

Respectfully submitted,

  /s/ James S. Lloyd
James S. Lloyd (ASB-4384-D60J)
J. Rick Wallis (ASB-7942-L55J)
Attorneys for Defendant, EFI Global

OF COUNSEL:
**LLOYD, GRAY & WHITEHEAD, P.C.**
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
(205) 967-8822
(205) 967-2380 facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 30th day of September, 2005, served a true and correct copy of the foregoing by electronically filing the document with the United States District Court, Northern District of Alabama, Southern Division, and by via U.S. Regular Mail, postage prepaid, and properly addressed as follows:

Blaine C. Stevens, Esquire
74 Broad Street
Ozark, Alabama 36360

Joseph J. Minus, Jr.
Lyons, Pipes & Cook, P.C.
2 North Royal Street
Mobile, Alabama 36602

                                               __/s/ James S. Lloyd_____
                                               OF COUNSEL