UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EARNEST WILSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 1:05cv 927 |
| | * | |
| EVANSTON INSURANCE and EFI | * | FORMERLY HOUSTON COUNTY |
| STRUCTURAL ENGINEERING CO. | * | CIRCUIT COURT CASE NO. CV-04-698 |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, you are hereby notified that Evanston Insurance Company in the above-styled cause, has removed this action from the Circuit Court of Houston County in Alabama to United States District Court for the Middle District, Southern Division of Alabama.

## STATEMENT OF FACTS

1.      On or around October 12, 2004, Plaintiff commenced an action in the Circuit Court of Houston County, Alabama entitled Earnest Wilson v. EFI Global Corp. (incorrectly designated in Complaint as EFI Structural Engineering Co.) and Evanston Insurance Company, Case No. CV-04-698.

2.      Plaintiff's Complaint alleges that lightning caused damage to its outside swimming pool at their home on 109 West Tecumpseh Drive, Dothan, Alabama, on or around November 11, 2002.  (Plaintiff's Complaint, ¶ 6-10, Exhibit "A").

3.      The Complaint alleges bad faith in denying coverage, breach of contract, and negligent reporting on the part of EFI.  (Plaintiff's Complaint, Exhibit "A").

4.      Plaintiff is a resident of Houston County, Alabama.

5.      Evanston Insurance Company is incorporated under the laws of a state other than Alabama.

6.      EFI Global Corporation has its principal place of business in a state other than Alabama and is incorporated in a state other than Alabama. Defendant EFI Global, by and through its counsel, Jim Lloyd, consents to this removal.

## REMOVAL IS TIMELY

7.      According to Houston County Circuit Clerk's office, Plaintiff's Complaint was filed on October 12, 2004. Evanston and Defendant EFI Global were served on or about September 1, 2005.

8.      Defendant filed this Notice of Removal within thirty (30) days of receipt of Complaint. Therefore, this removal is timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Storing, Inc.*, 526 U.S. 344 (1999).

## COMPLETE DIVERSITY EXISTS

### A.      There is complete diversity between Evanston Insurance and Plaintiff.

9.      At all times material hereto, upon information and belief, the Plaintiff has been a resident of Alabama and based upon information and belief is a resident of Houston County, Alabama. Evanston is incorporated under the laws of a state other than Alabama with its principal place of business in a state other than Alabama. Additionally, EFI Global has its principal place of business in a state other than Alabama and is incorporated under the laws of a state other than the State of Alabama. Thus, this action could have been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Plaintiff and Defendants.

2

**B.**      **The amount of controversy exceeds $75,000.00.**

10.      Plaintiff has made claims of bad faith, breach of contract, and negligence and seeks recovery from the Defendants for the failure to pay insurance benefits. The Plaintiff complains unspecified of compensatory and punitive damages in the Complaint. The policy limits in place are $150,000 for property damage and punitive damages under Alabama law are discretionary with the jury. The cause of action for bad faith permits the jury to assess damages for "any mental stress or economic loss suffered by the Plaintiff as the direct result of the Defendant's refusal to pay." *Alabama Pattern Jury Instructions 20.39.* See, *Shelter Mutual Ins. Co. v. Barton*, 822 So.2d 1149, 1154 (Ala. 2001)(jury assessing the defendant $250,000 in compensatory damages for bad faith claim). As such, the claim for damages exceeds the required amount of controversy of $75,000 exclusive of interest and costs.

**C.**      **All prerequisites for removal have been satisfied.**

11.      Copy of the Complaint served on or received by Defendant is attached hereto as Exhibit "A". The Complaint is the extent of the State Court pleadings. Clerk of Court of Houston County, Alabama has been notified of this removal.

12.      As set forth above, this Notice of Removal has been filed within thirty (30) days of service of this Defendant, the amount in controversy exceeds $75,000 exclusive of interests and costs, and complete diversity exists as to the parties.

13.      The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14.      If any question arises as to the propriety of the removal of this action, the Defendant requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

3

WHEREFORE, Defendant Evanston Insurance Company requests this Court remove this case to the United States District Court for the Middle District of Alabama, Southern Division, being the district and division of said Court for the county in which the said action is pending. Pray that the filing of this Notice of Removal with the Clerk of the Circuit Court of Houston County, Alabama shall effect a removal of the said suit to this Court.

JOSEPH J. MINUS, JR.          MINUJ5118
Attorney for Defendant Evanston Insurance Company

OF COUNSEL:

**LYONS, PIPES & COOK, P.C.**
2 North Royal Street (36602)
Post Office Box 2727
Mobile, Alabama 36652
Telephone: (251) 432-4481
Facsimile: (251) 433-1820

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _27_ day of _Sept_, 2005 served a copy of the foregoing on counsel for all parties to this proceeding by mailing the same by United States mail, first class postage prepaid.

Blaine C. Stevens, Esquire
74 Broad Street
Ozark, Alabama 36360

James S. Lloyd, Esquire
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Ste. 300
Birmingham, AL 35223

JOSEPH J. MINUS, JR.

4