IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

EARNEST WILSON, *
    PLAINTIFF, *
   *
VS. *
   *   CASE NO. CV-04-698
EFI STRUCTURAL ENGINEERING CO., *
and EVANSTON INSURANCE CO., *
   *
    DEFENDANTS. *

FILED OCT 12 2004
JUDY BYRD, CLERK
HOUSTON CO., AL

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff Earnest Wilson is a resident of Houston County, Alabama and is over the age of nineteen years.

2. Defendant EFI Structural Engineering Company (hereinafter referred to as "EFI") is believed to be an Alabama Corporation with its principal place of business located in the State of Alabama.

3. Defendant Evanston Insurance Company (hereinafter referred to as "Evanston") is believed to be an Illinois Corporation with its principal place of business located in Deerfield, Illinois.

4. The contract giving rise to this lawsuit was issued in the State of Alabama by Evanston Insurance Company.

5. All events and occurrences giving rise to this claim occurred in Houston County, Alabama. Therefore, venue is proper in Houston County, Alabama.

### STATEMENT OF FACTS

6. On or around November 11, 2002, Earnest Wilson was residing in his home located at 109 West Tecumseh Drive, Dothan, Alabama.

7. On or about the above stated date, a severe thunder and lightening storm struck the area.

8. During the storm, the outside swimming pool structure, as well as appurtenances to the pool, as well as the Wilson residence itself were damaged by lightening.

9. As a result of the lightening damage, the pool that is at issue in this lawsuit began to leak water.

10. The damage to the pool was specifically caused by lightening.

11. The damage to the pool was duly reported to Defendant Evanston Insurance Company by Plaintiff Earnest Wilson on or about December 27, 2002.

12. Since December 27, 2002, Defendant Evanston Insurance Company has undertaken a fraudulent scheme intended to thwart the lawful and legitimate claims for insurance coverage made by Mr. Wilson. Furthermore, Defendant Evanston Insurance Company has acted in bad faith, and in concert with Defendant EFI Structural Engineering Company to deny the claim made the basis of this lawsuit.

13. Despite the fact that Earnest Wilson timely notified Evanston Insurance Company of the damage to the pool, and complied with all reporting and documentation requirements under the policy, Defendant Evanston Insurance Company and EFI Structural Engineering have acted in bad faith to deny Wilson's legitimate claim for coverage.

14. Defendant Evanston Insurance Company has acted in bad faith and has no legitimate reason or arguable reason for denying the claim for coverage made by Wilson.

15. The Contract of insurance described in paragraph 17 below was in full force and effect at all times material to this Complaint.

## COUNT I

16. Defendant Evanston Insurance Company contracted insurance to Earnest Wilson which provided for coverage to adjacent structures to his dwelling in the case of accidental loss.

17. Specifically, Wilson was insured under Evanston Policy No. PH2101 01900 which was in full force and effect on the date of the above described loss.

18. Since the date of loss mentioned hereinabove, Wilson has complied with all terms and conditions set out in the policy.

19. Further, Wilson has provided proof to Defendant Evanston Insurance Company that the claimed loss was in fact caused by lightening damage, a covered occurrence under the policy. However, in bad faith, without any justification or arguable reason for doing so, Evanston Insurance Company has denied Plaintiff's rightful claim to coverage under the policy.

20. Defendant Evanston Insurance Company is guilty of fraud, oppression, malice, or other wrongful conduct which would justify the imposition of punitive damages, due to its bad faith failure to pay a legitimate claim for coverage under the above policy.

WHEREFORE, premises considered, Plaintiff demands such amount as a jury may award as reasonable compensatory damages, punitive damages, and his costs in this action.

## COUNT II

21. Plaintiff realleges all prior paragraphs in this Complaint as if set out here in full.

22. Plaintiff Wilson was insured under the above named policy which was in full force and effect on the date of the above-described loss.

23. Plaintiff Wilson complied with all terms and conditions of the policy by reporting the claim.

24. Defendant Evanston Insurance Company has breached its contract with Wilson by failing to pay a legitimate claim, all as set out hereinabove.

WHEREFORE, premises considered, Plaintiff demands such amount as a jury may award as reasonable compensatory damages, punitive damages, and his costs in this action.

## COUNT III

## CONCERT OF ACTION

25. Plaintiff realleges all prior paragraphs in this Complaint as if set out here in full.

26. Defendant Evanston Insurance Company has engaged in wrongful conduct which is intended to defraud Earnest Wilson of his rights and coverages provided under the policy made the basis of this Complaint.

27. Defendant Evanston Insurance Company has engaged the service of EFI Structural Engineers in this case to support its decision.

28. Defendants Evanston Insurance Company and EFI Structural Engineers have acted in concert, in bad faith, and with the intent to deprive Wilson of his legitimate claim.

29. Defendants Evanston Insurance Company and EFI Structural Engineers have conspired to defraud Wilson in this case.

30. Defendant EFI Structural Engineers spent only a cursory amount of time at the Plaintiff's residence, conducted no testing, and conducted no other activities that would have legitimately led to a finding that the pool damage at issue was not caused by lightening.

31. Despite conducting no testing, and spending only a limited time at the pool at issue, Defendant EFI Structural Engineers has rendered an engineering analysis claiming that the damage to the pool was not caused by lightening, but was in fact caused by settlement or ground shifting. The Defendant's conduct in this case is wrongful, fraudulent, oppressive, and malicious.

WHEREFORE, premises considered, Plaintiff demands such amount as a jury may award as reasonable compensatory damages, punitive damages, and his costs in this action.

## COUNT IV

32. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

33. Defendant EFI Structural Engineering conducted no testing or any other activities that would have legitimately led to a finding that the pool damage at issue was not caused by lightening.

34. Defendant EFI Structural Engineering negligently reported to Evanston Insurance Company that lightening did not cause the pool damage at issue.

35. As a result of the negligence of EFI Structural Engineering, Plaintiff's claim on the pool at issue was denied.

WHEREFORE, premises considered, Plaintiff demands such amount as a jury may award as reasonable compensatory damages, punitive damages, and his costs in this action.

## COUNT V

36. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

37. Defendant EFI Structural Engineering wantonly reported to Evanston Insurance Company that the pool damage at issue was not caused by lightening with no legitimate testing conducted on the damage.

38. The wanton acts of EFI Structural Engineering caused damages to the Plaintiff in that his claim on the pool at issue was denied.

WHEREFORE, premises considered, Plaintiff demands such amount as a jury may award as reasonable compensatory damages, punitive damages, and his costs in this action.

Trial by jury is demanded.

Respectfully submitted on this the _12_ day of October 2004.

Blaine C. Stevens
Attorney for Plaintiff
744 Broad Street
Ozark, Alabama 36360
(334) 774-5667