## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

EARNEST WILSON,       *
             *
    Plaintiff,     *
             *
v.            *   CASE NO. 1:05 cv 927
             *
EVANSTON INSURANCE and EFI  *   FORMERLY HOUSTON COUNTY
STRUCTURAL ENGINEERING CO.  *   CIRCUIT COURT CASE NO. CV-04-698
             *
    Defendants.    *

## ANSWER

**COMES NOW** Evanston Insurance Company, Defendant in the above-styled cause, and answers the allegations contained in Plaintiff's Complaint as follows:

1.  Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

2.  Denied.

3.  Admitted.

4.  Admitted.

5.  Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 and therefore denies the same.

6.  Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6 and therefore denies the same.

7.  Defendant is without sufficient information to admit or deny the allegations contained in paragraph 7 and therefore denies the same.

8.  Denied.

9.  Denied.

10.    Denied.

11.    Admitted.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Defendant admits that the contract of insurance was in place but denies as to coverage of the alleged incident.

## COUNT I

16.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 16 and therefore denies the same.

17.    Defendant admits that the contract of insurance was in place but denies as to coverage of the alleged incident.

18.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18 and therefore denies the same.

19.    Denied.

20.    Denied.

## COUNT II

21.    Denied.

22.    Defendant admits that the contract of insurance was in place but denies as to coverage of the alleged incident.

23.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 and therefore denies the same.

24.    Denied.

## COUNT III

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## COUNT IV

32.    Denied.

33.    Defendant is without sufficient information to admit or deny the allegations contained

in paragraph 33 and therefore denies the same.

34.    Denied.

35.    Denied.

## COUNT V

36.    Denied.

37.    Denied.

38.    Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every allegation contained therein fails to state a claim against Defendant for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and portions thereof are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The Defendant has no duty to pay because Defendant reasonably denied a claim that was not covered under the plan after gathering credible evidence.

## FOURTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages in this case would be in violation of the constitutional safeguards provided under the Constitution of the United States of America.

## FIFTH AFFIRMATIVE DEFENSE

The claim of Plaintiff for punitive damages cannot be sustained, because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

## SIXTH AFFIRMATIVE DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh

4

Amendment of the <u>Constitution of the United States</u>; of the proportionality principles contained in

the Eighth Amendment of the <u>Constitution of the United States</u>; the Due Process Clause of the

Fourteenth Amendment of the <u>Constitution of the United States</u>; and Article 1, Sections, 1, 2, 6, 11,

13, 15, 27 and 35 of the <u>Constitution of Alabama</u> of 1901, and is improper under the common law

and public policies of the State of Alabama and under applicable court rules and statutes for the

following reasons, jointly and separately:

1.    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, the defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2.    The procedures to be followed would permit an award of punitive damages against the defendants upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3.    The procedures to be followed would permit the award of multiple punitive damages for the same act or omission;

4.    There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against these defendants under present Alabama law;

5.    The standards of conduct upon which punitive damages are sought against these defendants are vague and ambiguous;

6.    The procedures used by Alabama courts and the guidelines given to the jurors; jointly and separately, are vague and ambiguous;

7.    The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notations of what the law should be instead of what it is;

8.    The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus fail to eliminate the effects of, and to guard against, impermissible juror passion;

5

9.    Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10.   Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11.   Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12.   The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against these defendants;

13.   The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

14.   The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

15.   An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law.

### SEVENTH AFFIRMATIVE DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set forth above.

### EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages deprives this defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United

States and in Article 1, Sections 1, 6 and 22 of the Constitution of Alabama of 1901 for the following

reasons, jointly and separately:

1.  The plaintiff seek punitive damages in excess of the respective maximums established by the Alabama Legislature in §§13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability would have the benefit of the cited code provisions;

2.  The procedures to be followed would permit the awarding of punitive damages against these defendants upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3.  The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

4.  Punitive damages are penal in nature and the defendants, without procedural protection, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and

Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the

Constitution of Alabama of 1901 because punitive damages are penal in nature and the defendant is

compelled to disclose documents and/or other evidence without constitutional safeguards against

self-incrimination.

## TENTH AFFIRMATIVE DEFENSE

By virtue of Alabama Code §6-11-20 (1975), punitive damages are not recoverable in this

case.

7

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against this defendant because such an award, which is penal in nature, would violate this defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the Constitution of the United States ("the United States Constitution"), unless these defendants is afforded the same procedural safeguards as are due a criminal defendant, including, but not limited to, the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## TWELFTH AFFIRMATIVE DEFENSE

Subjecting this defendant to punitive damages, or affirming an award of punitive damages against these defendants in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)     Any award of punitive damages against this defendant under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits; (c) use of either Alabama Pattern Jury Instruction 11.03 or 11.18, or both, in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the

8

award or amount of punitive damages; (d) any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages; (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and these defendants' alleged wrongful or culpable conduct; (g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages; (h) in the event that a single verdict is mandated against all (or two or more) defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a nonapportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon the culpability of another defendant, and such a joint verdict in a single amount could be enforced against these defendants for any portion of that judgment regardless of these defendants' culpability, or relative culpability; (i) should the Court require the award of punitive damages in a single, joint and several verdict of one amount, an adoption of this nonapportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct; (j) where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would

9

be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of the respective defendants; (k) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts; (l) under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages; (m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against these defendants; (n) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague; (o) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages; (p) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and (q) an award of punitive damages would constitute an arbitrary and capricious taking of property of these defendants without due process of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Imposition of punitive damages in this case against this defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## FOURTEENTH AFFIRMATIVE DEFENSE

To award punitive damages against this defendant in this case would have a chilling effect upon the defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

10

## FIFTEENTH AFFIRMATIVE DEFENSE

In the event that any portion of a punitive damages award against this defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiff, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, the defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the rights of this defendant to due process and equal protection of the law as guaranteed by the Constitution of the United States and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)    The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages; (b) the Hammond and Green Oil procedure provides inadequate review as to the issues of need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for these defendants; (c) the Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage

11

award to the harm; (d) the Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages; (e) this procedure is inadequate in that the trial court according to Hammond and Green Oil "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and (f) the Hammond and Green Oil procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

_____
JOSEPH J. MINUS, JR.        MINUJ5118
Attorney for Defendant Evanston Insurance
Company

OF COUNSEL:

**LYONS, PIPES & COOK, P.C.**
2 North Royal Street (36602)
Post Office Box 2727
Mobile, Alabama 36652
Telephone: (251) 432-4481
Facsimile: (251) 433-1820

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _27_ day of _Sept_ , 2005 served a copy of the foregoing on counsel for all parties to this proceeding by mailing the same by United States mail, first class postage prepaid.

Blaine C. Stevens, Esquire
74 Broad Street
Ozark, Alabama 36360

James S. Lloyd, Esquire
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Ste. 300
Birmingham, AL 35223

_____
JOSEPH J. MINUS, JR.

12